

1  LATHAM & WATKINS LLP
     Katherine A. Lauer (Bar No. 138010)
2    Ryan H. Harrigan (Bar No. 216843)
     Kate L. McSpadden (Bar No. 239156)
3  600 West Broadway, Suite 1800
   San Diego, California 92101-3375
4  Telephone: (619) 236-1234
   Facsimile: (619) 696-7419
5
   Attorneys for Defendant ADVENTIST
6  HEALTH a/k/a ADVENTIST
   SYSTEM/WEST, a California corporation
7

8

9

10           UNITED STATES DISTRICT COURT

11           CENTRAL DISTRICT OF CALIFORNIA

12

13  ERIN BROCKOVICH, on behalf of     CASE NO. CV06-4581 JFW (AJWx)
    the United States of America,
14                                    (California Superior Court Case No. BC
                Plaintiff,             353398; Assigned To: Hon. Ralph W.
15                                    Dau)
         v.
16                                    **NOTICE OF REMOVAL OF CIVIL
    ADVENTIST HEALTH a/k/a            ACTION UNDER 28 U.S.C. § 1441(b)
17  ADVENTIST HEALTH                  (FEDERAL QUESTION)**
    SYSTEM/WEST, a California
18  corporation; ADVENTIST RISK
    MANAGEMENT, INC., a Maryland
19  corporation; GENCON INSURANCE
    COMPANY OF VERMONT, a
20  Vermont corporation; and DOES 1
    through 250, inclusive,
21
                Defendants.
22



23      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

24  PLEASE TAKE NOTICE that defendant ADVENTIST HEALTH a/k/a

25  ADVENTIST SYSTEM/WEST, a California corporation ("Adventist") with the

26  consent of all other proper defendants in this action, hereby removes to this Court

27  the state court action described below.

28      1.    On June 2, 2006, plaintiff ERIN BROCKOVICH, an individual

1. On June 2, 2006, plaintiff ERIN BROCKOVICH, an individual ("Plaintiff") filed a civil Action in the Superior Court of the State of California, County of Los Angeles, Case No. BC 353398, entitled <u>Erin Brockovich, on behalf of the United States of America v. Adventist Health a/k/a Adventist Health System/West, a California corporation, et al.</u>  A true and correct copy of the complaint is attached hereto as Exhibit "A."

2. Additional notices and documents filed in the state court include: Summons, Notice of Case Assignment, Notice of Case Management Conference and Demand for Jury Trial.  True and correct copies of this balance of the state court's file are attached hereto as Exhibit "B."

3. This action is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under 42 U.S.C. § 1395y(b), the Medicare Secondary Payer Act.[1]

4. Defendant was first served with a copy of the complaint with corresponding summons from the state court on or about June 15, 2006.

5. This Notice of Removal is timely under 28 U.S.C. § 1331, because it is filed less than one year from commencement of this action, and within thirty days after any proper defendant was served with a copy of the Complaint and

---

[1] Plaintiff has acknowledged that this action gives rise to federal question jurisdiction by filing two similar actions in federal court, <u>Erin Brockovich v. Vanguard Health Systems, Inc.</u>, Case No. 06-CV-00547-JVS-MLG, a case assigned to the Honorable James V. Selna of this Court on June 9, 2006, and <u>Erin Brockovich v. Healthsouth Corporation et al</u>; No. 06-CV-00546-DOC-MLG, assigned to the Honorable David O. Carter of this Court on June 9, 2006. On the Civil Cover Sheet for each of these cases, Plaintiff noted that the action was properly filed in the Central District of California due to the fact that the action is based on a federal question, indicating "Federal Question" as the basis of jurisdiction.

1  corresponding summons. All proper defendants in this action consent to this
2  removal.
3      6.   On the date of this Notice of Removal, a copy of this Notice is being
4  served on Plaintiff's attorney of record, and a copy of this Notice is being filed in
5  the state court action with the Clerk of the Superior Court of the State of
6  California, County of Los Angeles.
7      WHEREFORE, the above action now pending in the Superior Court of the
8  State of California, County of Los Angeles, Case No. BC 353398, is removed from
9  said State Court to this Court and Adventist prays that this Court proceed in this
10 action pursuant to 28 U.S.C. § 1441(b), as if this action had been originally filed in
11 this Court, and that further proceedings in the State Court action be stayed in all
12 aspects.

Dated: July 17, 2006

Respectfully Submitted,

LATHAM & WATKINS LLP
Katherine A. Lauer
Ryan H. Harrigan
Kate L. McSpadden

By _____
Katherine A. Lauer
Attorneys for Defendant
ADVENTIST HEALTH aka
ADVENTIST SYSTEM/WEST

# Exhibit A

GIRARDI & KEESE
Thomas V. Girardi, State Bar No. 36603
Graham B. LippSmith, State Bar No. 221984
1126 Wilshire Blvd
Los Angeles, CA 90017
Telephone: (213) 489-5330
Facsimile: (213) 481-1554

WILKES & McHUGH, P.A.
Timothy C. McHugh, State Bar No. 218429
James L. Wilkes, State Bar No. 218514
James M. Morgan, State Bar No. 208668
500 Silver Spur Road, Suite 200
Rancho Palos Verdes, California 90275
Telephone: (310) 406-3003
Facsimile: (310) 406-3005

Attorneys for Plaintiff,

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 0 2 2006

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
Elizabeth Martinez

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| ERIN BROCKOVICH, on behalf of the United States of America, <br><br> Plaintiff, <br><br> vs. <br><br> ADVENTIST HEALTH a/k/a ADVENTIST HEALTH SYSTEM/WEST, a California corporation; ADVENTIST RISK MANAGEMENT, INC., a Maryland corporation; GENCON INSURANCE COMPANY OF VERMONT, a Vermont corporation; and DOES 1 through 250, inclusive, <br><br> Defendants. | Case No.: <br> Division: <br> Complaint Filed: BC353398 <br> Assigned to Hon. _____ <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATION OF MEDICARE SECONDARY PAYER ACT, 42 U.S.C. § 1395y(b)** |

1

COMPLAINT FOR DAMAGES

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ERIN BROCKOVICH, on behalf of the United States of America, hereby sues Defendants ADVENTIST HEALTH a/k/a ADVENTIST HEALTH SYSTEM/WEST, ADVENTIST RISK MANAGEMENT, INC.; and GENCON INSURANCE COMPANY OF VERMONT, and alleges as follows:

### VENUE

1. Some of the acts and omissions that form the basis of this complaint occurred at or near 1720 Cesar E. Chavez Avenue in the City of Los Angeles, which is within this judicial district. Therefore, venue in this court is appropriate.

### PLAINTIFF

2. Plaintiff, ERIN BROCKOVICH, a resident of the state of California, brings this action pursuant to the private cause of action established at 42 U.S.C. § 1395y(b)(3)(A), on behalf of the United States of America, to recover Medicare payments which were made as a result of Defendants' wrongful conduct, and which the Defendants are obligated to pay as Primary Plans, together with all damages allowable under the law.

### DEFENDANTS

3. Defendant ADVENTIST HEALTH a/k/a ADVENTIST HEALTH SYSTEM/WEST ("Adventist") is a participant provider in the Medicare program that conducts business in the State of California. Adventist's obligations as a participant are set forth in 42 U.S.C. § 1395y(b)(2)(A), and in federal regulations including but not limited to 42 C.F.R. § 411 and 42 C.F.R. § 489. Adventist's fiduciary obligations to the Medicare program are also set forth in a Provider Agreement that Adventist entered into with Medicare. (This Provider Agreement is not in the Plaintiff's possession. The Agreement is in the Defendants' possession and should be produced by the Defendants to the Plaintiff.) At all times relevant to the claims set forth herein, Adventist and its wholly or partially owned subsidiaries owned, operated, and/or managed Medicare-participating hospitals in the State of California, as well as other states. At all times relevant, Adventist partially carried its own professional liability risk through the use of

self-insurance plans, self-insurance retentions, and/or the use of affiliated insurance subsidiaries of itself or affiliated companies.

4. Defendant ADVENTIST RISK MANAGEMENT, INC. ("Adventist Risk") is or was, during all or part of the relevant period of time, a wholly or partially owned insurance subsidiary of Adventist or companies affiliated with Adventist. Adventist Risk existed for the purpose of providing professional liability insurance coverage for Adventist and its subsidiary hospitals. On information and belief, Adventist Risk engaged in business transactions within the territory of this judicial district, such as funding the costs associated with professional liability claims brought against hospitals which were owned, operated and/or managed by Adventist and/or its subsidiaries.

5. Defendant GENCON INSURANCE COMPANY OF VERMONT ("Gencon") is or was, during all or part of the relevant period of time, a wholly or partially owned insurance subsidiary of Adventist or companies affiliated with Adventist. Gencon existed for the purpose of providing professional liability insurance coverage for Adventist and its subsidiary hospitals. On information and belief, Gencon regularly engaged in business transactions within the territory of this judicial district, such as funding the costs associated with professional liability claims brought against hospitals which were owned, operated and/or managed by Adventist and/or its subsidiaries.

6. Plaintiff is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 250, and for that reason has sued such Defendants by fictitious names. Plaintiff will seek leave of the Court to amend the Complaint to identify said Defendants when their identities are ascertained. Plaintiff alleges that DOES 1 through 250 are persons or entities that engaged in the conduct alleged herein to have been engaged in by the other named Defendants, and therefore are liable based on the conduct and allegations set forth herein.

7. Each Defendant constitutes a "Primary Plan" as defined in the Medicare Secondary Payer Act ("MSP"), 42 U.S.C. § 1395y(b), and as such is a primary payer under the MSP.

3

COMPLAINT FOR DAMAGES

## DEFENDANTS' WRONGFUL CONDUCT

8. On numerous occasions, Adventist, by and through its employees and agents, caused harm to Medicare recipients who were patients in Adventist's hospitals, thereby triggering legal obligation on the part of Adventist and the other primary payer Defendants herein to pay for any consequential medical service, treatment, or medication. Nevertheless, Adventist provided medical services, treatment and medication to such Medicare recipients who were harmed by Adventist's own conduct, and thereafter received reimbursement from Medicare for treating those injured Medicare recipients.

9. As stated above, when Adventist's own conduct caused injury to Medicare recipients, such conduct triggered the liability of the primary payer Defendants named herein to pay any medical bills incurred as a result of such conduct. *See* 42 C.F.R. § 489.20(f) and (g). Alternatively, if Medicare advanced conditional payment for the care that the injured Medicare recipients received as a result of Adventist's conduct, the Defendants had the duty and were required to reimburse Medicare for such expenditures as primary payers under the MSP. *See* 42 U.S.C. § 1394y(b)(2)(B)(ii).

10. Defendants, as primary payers, breached their duties to Medicare by not paying for the care that injured Medicare recipients received as a result of Adventist's conduct and further by not reimbursing Medicare after Medicare provided conditional payment for the care that such Medicare recipients received as a result of Adventist's conduct.

11. The Defendants knew of Adventist's injurious conduct and further that such conduct was a triggering event, obligating the Defendants, as primary payers, to pay for any medical service, treatment or medication.

12. Such knowledge came from patient complaints, staff complaints, internal incident reports and investigations, internal peer review, risk management programs and federally mandated hospital surveys. Additionally, Defendants knew that certain classes of injuries and illnesses (such as in-house acquired pressure ulcers, malnutrition, dehydration, fecal impactions, falls, injuries associated with falls, and preventable infections), occurring on Adventist's premises *after* a patient's admission to Adventist's hospitals, were sentinel events of elder abuse,

4

**COMPLAINT FOR DAMAGES**

neglect, and negligence on the part of the caregiver. These sentinel events were reflected in Adventist's billing records and were known to the Defendants, triggering the obligation to ascertain the cause of such injuries or medical conditions prior to submitting any claim to Medicare for reimbursement of any services provided to treat the injuries and conditions caused by Adventist. Defendants collectively as primary payers had in place risk management programs which were available to all the Defendants, putting the Defendants on notice of the sentinel events. Nevertheless, Defendants permitted Adventist to bill Medicare directly, and each and every Defendant failed in its obligation to investigate each claim and to determine the Defendants' reimbursement liability as primary payers under the MSP.

13. Although Defendants had actual and constructive notice of the improper billing, Defendants did not create a mechanism to segregate those Medicare recipients whose injuries were caused by Adventist's own conduct. Instead, the Defendants allowed Adventist to bill Medicare for all the care received by Medicare recipients, including those for whom the Defendants had primary responsibility for payment.

14. In every case where Adventist received Medicare payments for the care they provided to Medicare recipients who were injured as a result of Adventist's own conduct, Defendants failed to reimburse Medicare as required under the MSP.

15. Defendants concealed their wrongful conduct and obligation as primary payers from Medicare.

16. In those cases where Adventist received reimbursement improperly, Defendants likewise concealed the fact that they had been wrongfully reimbursed, and thereafter failed to refund or reimburse Medicare for such payments.

17. In addition, Medicare recipients who were harmed by Adventist's conduct, which triggered primary payment liability on the part of the Defendants, were also treated for their injuries by other healthcare providers who received reimbursement from Medicare for treating such injuries. Defendants failed to notify and reimburse Medicare for said treatment. Defendants are liable to Medicare for the Medicare payments made to all providers for the care

and treatment the providers gave to Medicare recipients who were injured by Adventist's conduct.

18. As a result, Medicare advanced millions of dollars in payments to pay for the costs of treating Medicare recipients who were injured by Adventist's own conduct. Although Medicare advanced millions of dollars in payments, the Defendants did not reimburse Medicare as required under the MSP and did not inform or reimburse Medicare for the costs Medicare incurred as a result of Adventist's conduct.

## REMEDY

19. Plaintiff is entitled to recover double damages, calculated as twice the amount of the Defendants' unpaid obligations to Medicare under the MSP statute. See 42 U.S.C. § 1395y(b)(3)(A).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants, awarding Plaintiff damages in an amount twice the amount that Defendants were obligated to pay or reimburse Medicare but failed to do so, as required by 42 U.S.C. § 1395y(b)(2)(A), plus interest, together with Plaintiff's costs and fees, including attorneys' fees, and such other relief as this Court deems just. Plaintiff also demands a trial by jury of all matters triable by right.

Dated: June ___, 2006

Respectfully submitted,

GIRARDI & KEESE
WILKES & MCHUGH, P.A.
Attorneys for Plaintiff

6

**COMPLAINT FOR DAMAGES**

# Exhibit B

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ADVENTIST HEALTH a/k/a ADVENTIST HEALTH SYSTEM/WEST, a California corporation; ADVENTIST RISK MANAGEMENT, INC., a Maryland corporation; GENCON INSURANCE COMPANY OF VERMONT, a Vermont corporation

and DOES 1 through 250, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
ERIN BROCKOVICH, on behalf of the United States of America



JUN 1 6 2006
SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 0 2 2006

John A. Clarke, Executive Officer/Clerk
BY_____Elizabeth Martinez_____, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:** *(Número del Caso):* BC353398

LOS ANGELES COUNTY SUPERIOR COURT
111 North Hill Street
111 North Hill Street
Los Angeles, California 90012
Central

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Thomas V. Girardi, SBN 36603        (213) 489-5330   (213) 481-1554
GIRARDI & KEESE
1126 Wilshire Blvd
Los Angeles, CA 90017

DATE:                                    Clerk, by _____, Deputy
*(Fecha)*                                *(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ADVentist health a/k/a adventist health system/west, a California corporation
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 415.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

GIRARDI & KEESE
Thomas V. Girardi, State Bar No. 36603
Graham B. LippSmith, State Bar No. 221984
1126 Wilshire Blvd
Los Angeles, CA 90017
Telephone: (213) 489-5330
Facsimile: (213) 481-1554

WILKES & McHUGH, P.A.
Timothy C. McHugh, State Bar No. 218429
James L. Wilkes, State Bar No. 218514
James M. Morgan, State Bar No. 208668
500 Silver Spur Road, Suite 200
Rancho Palos Verdes, California 90275
Telephone: (310) 406-3003
Facsimile: (310) 406-3005

Attorneys for Plaintiff,

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 0 2 2006

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
       Elizabeth Martinez

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| ERIN BROCKOVICH, on behalf of the United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>ADVENTIST HEALTH a/k/a ADVENTIST HEALTH SYSTEM/WEST, a California corporation; ADVENTIST RISK MANAGEMENT, INC., a Maryland corporation; GENCON INSURANCE COMPANY OF VERMONT, a Vermont corporation; and DOES 1 through 250, inclusive,<br><br>Defendants. | Case No.:<br>Division:         BC353398<br>Complaint Filed:<br>Assigned to Hon. _____<br><br>**DEMAND FOR JURY TRIAL** |

NOTICE IS HEREBY given that Plaintiff ERIN BROCKOVICH, on behalf of the United States of America, hereby demands trial by jury in the above-entitled matter.

Dated: June ___1___, 2006

Respectfully submitted,

By: _____
**GIRARDI & KEESE**
**WILKES & McHUGH, P.A.**
Attorneys for Plaintiff

1

Demand For Jury Trial

NOTICE SENT TO:

Girardi, Thomas V., Esq.
Girardi & Keese, Law Offices of
1126 Wilshire Boulevard
Los Angeles, CA 90017-1904

RECEIVED JUN 2 3 2006 GIRARDI & KEESE

ORIGINAL FILED JUN 1 2 2006 LOS ANGELES SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| ERIN BROCKOVICH | | CASE NUMBER |
|---|---|---|
| vs. | Plaintiff(s), | BC353398 |
| ADVENTIST HEALTH ET AL | Defendant(s). | NOTICE OF CASE MANAGEMENT CONFERENCE |

### TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for October 20, 2006 at 8:30 am in Dept. 57 at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to CRC 212, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and CRC 200 et seq.

Date: June 12, 2006

**RALPH W. DAU**
Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

( ✓ ) by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

( ) by personally giving the party notice upon filing the complaint.

Date: June 12, 2006

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

CIV 132 10-03 LASC Approved

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT** BC353398

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | Hon. William F. Highberger | 32 | 406 |
| Hon. Alice E. Altoon | 28 | 318 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Conrad Aragon | 49 | 509 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Morris B. Jones | 48 | 506 |
| Hon. Elihu M. Berle | 42 | 416 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Tricia Ann Bigelow | 23 | 315 | Hon. Jon M. Msyeda | 72 | 731 |
| Hon. Soussan G. Bruguera | 71 | 729 | Hon. Rita Miller | 16 | 306 |
| Hon. Susan Bryant-Deason | 52 | 510 | Hon. David L. Minning | 61 | 632 |
| Hon. James C. Chalfant | 13 | 630 | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Victoria Chaney* | 324 | CCW | Hon. Mary Ann Murphy | 25 | 317 |
| Hon. Judith C. Chirlin | 69 | 322 | Hon. Joanne O'Donnell | 37 | 413 |
| ✓ Hon. Ralph W. Dau | 57 | 517 | Hon. Victor H. Person | 39 | 415 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Mel Red Recana | 45 | 529 |
| Hon. James R. Dunn | 26 | 316 | Hon. Andria K. Richey | 31 | 407 |
| Hon. Lee Edmon | 68 | 617 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. William F. Fahey | 78 | 730 | Hon. James E. Satt | 40 | 414 |
| Hon. Irving S. Feffer | 51 | 511 | Hon. John P. Shook | 53 | 513 |
| Hon. Edward A. Ferns | 69 | 621 | Hon. Ronald M. Sohigian | 41 | 417 |
| Hon. Kenneth R. Freeman | 64 | 601 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Haley J. Fromholz | 20 | 310 | Hon. Mary Thornton House | 17 | 309 |
| Hon. Richard Fruin | 15 | 307 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Terry A. Green | 14 | 300 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Elizabeth A. Grimes | 30 | 400 | Hon. David A. Workman | 19 | 311 |
| Hon. Paul Gutman | 34 | 408 | Hon. George Wu | 33 | 409 |
| Hon. Robert L. Hess | 24 | 314 |  | 35 | 411 |
|  | 3 | 224 | Other |  |  |

*Class Actions

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

CIV CCH 190 05-06
LASC Approved

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**   Page 1 of 2

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

### *Class Actions
All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 1800 et seq. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
BROCKOVICH, ERIN, on behalf of the United States of America

**DEFENDANTS**
ADVENTIST HEALTH a/k/a ADVENTIST HEALTH SYSTEM/WEST, a California corporation; ADVENTIST RISK MANAGEMENT, INC., et al.

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Girardi & Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017
(213) 489-5330
Thomas V. Girardi (SB#36603)

Attorneys (If Known)
Latham & Watkins
600 West Broadway, Suite 1800
San Diego, CA 92101
619-236-1234
Katherine A. Lauer

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ Not Specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
ALLEGED VIOLATION OF MEDICARE SECONDARY PAYER ACT, 42 U.S.C. Section 1395y(b)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☒ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litig. |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | **FORFEITURE/PENALTY** | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determina- tion Under Equal Access to Justice | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**CV06-4581 JFW (AJWx)**

FOR OFFICE USE ONLY:   Case Number: _____

CV-71 (07/05)    CIVIL COVER SHEET    Page 1 of 2
CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case?  ☐ No  ☒ Yes

If yes, list case number(s): 06-CV-00547-JVS-MLG, Hon. J. Selna; 06-CV-00546-DOC-MLG, Hon. D. Carter SACV-06-0546-DOC-MLG, Hon. David O. Carter; CV-06-4423-DSF-JTL, Hon. Dale S. Fischer

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Los Angeles County

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

Roseville, California; Maryland; Vermont

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

Los Angeles County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/ Katherine A. Lauer_     Date 7/17/06

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV06-4581 JFW (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY